UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
DISTRICT FORT WORTH
DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 30 2022
CLERK, U.S. DISTRICT COURT
By _____ Deputy  9:58 AM

4-22CV-557-Y

EXPARTE
RONNIE TURNER
VS
THE STATE OF TEXAS
DISTRICT ATTORNEY SHARON
WILSON, A.D.A RICHARD BLAND
A.D.A ANDREA JACOBS, HON
ROBB CATALANO, C.C.A JUDGE
SHARON KELLER, HON ELIZABETH
BERRY

C-3-W011-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
C-CA NO#63-583-29

THE PETITIONER MOTION
FOR LEAVE TO PETITION
THE UNITED STATE MAGISTRATE
COURT JUDGE ART 15.04 COMPLAINT

MAY IT PLEASE THE COURT NOW COMES RONNIE TURNER THE PETITIONER IN THE ABOVE STYLES IN NUMBER AND WOULD SHOW THE FOLLOWING, THE PETITIONER IS NOT TRYING TO INTER THE UNITED STATES DISTRICT COURT BUT IS TRYING TO FILE A COMPLAINT AND REPORT A CRIME OF WITNESS TAMPERING, OBSTRUCTION OF JUSTICE TO THE UNITED STATES OFFICE OF THE ATTORNEY GENERAL IN WASHINGTON D.C AND WOULD SHOW THE FOLLOWING WITNESS TAMPERING IS A <u>FEDERAL OFFENSE</u> SUPPORTED BY TRIAL COURT RECORD TESTIMONY BY THE STATES OWN WITNESS MRS KETSANA MEHRA

BLACK LAW DICTIONARY
ON WITNESS TAMPERING
I

WITNESS TAMPERING THE ACT OR AN INSTANCE OF OBSTRUCTION OF JUSTICE BY INTIMIDATING, INFLUENCING OR HARASSING A WITNESS BEFORE OR AFTER THE WITNESS TESTIFIES, SEVERAL STATES AND FEDERAL LAWS INCLUDING THE VICTIM AND WITNESS PROTECTION ACT OF 1982 18 U.S.C.A § 1512 PROVIDE CRIMINAL PENALTIES FOR TAMPERING WITH A WITNESS OR OTHER PERSON IN THE CONTEXT OF A PENDING INVESTIGATION. TRIAL COMMENCED ON <u>10/31/05</u> WITH A PRETRIAL PHYSICAL LINE UP IDENTIFICATION HEARING AND JURY VOIR DIRE STATE WITNESS <u>KETSANA MEHRA</u> FAILED IN MAKING A PHYSICAL PRETRIAL LINE UP IDENTIFICATION AND THE PETITION RONNIE TURNER WAS THE ONLY BLACK MALE OF HIS RACE SEATED AT THE TABLE NEXT TO TWO WHITE ATTORNEY. HOWEVER, ON 11/02/05 IDENTIFIED THE PETITIONER FOR THE FIRST TIME IN JURY TRIAL. ON THE CROSS BY THE DEFENSE SHE TESTIFIED THAT PRIOR TO TRIAL STATE OFFICAL RICHARD BLAND HAD TOLD HER WERE IN SIDE THE COURT ROOM I WOULD BE SEATED.

#1 OF 8

STATE OF TEXAS VS RONNIE TURNER
VOLUM 3 OF 5 VOLUM PG 74 LINE 14-25
DEFENSE ATTORNEY BARNETT CROSS
EXAMIN STATE WITNESS KETSANA MEHRA

## II

(Q) MRS KETSANA PRIOR TO TRIAL WHEN YOU WHERE SPEEKING TO MR BLAND WAS YOU TOLD WERE EVERY BODY WOULD BE SEATED INSIDE THE COURT ROOM?

(A) NO

(Q) SO YOU WERENT TOLD WERE MR TURNER WOULD BE SEATED INSIDE THE COURT ROOM?

(A) HES RIGHT THERE YOUR RIGHT HERE

(Q) OKAY WAS YOU TOLD THAT?

(A) WAS I TOLD THAT? YES HE TOLD ME HE WAS GOING TO BE SEATED THERE AND SEE HERE

(Q) ALL RIGHT IS MR TURNER THE ONLY BLACK PERSON AT THIS TABLE.

SEE BRANCH VS ESTELLE 631 F2d 1229 5TH CIR 1988
A VIOLATION THROUGH PROSECUTORAL MISCONDUCT OF A SPECIFIC GUARANTEE OF THE CONSTITUTION HABEAS CORPUS RELIEF WILL NOT BE GRANTED UNLESS THE PROSECUTOR CONDUCT RENDERS THE TRIAL FUNDAMENTALLY UNFAIR SO AS TO DENY THE DEFENDANT DUE PROCESS

STATE OF TEXAS VS RONNIE TURNER
VOLUM 3 OF 5 VOLUM PG 75 LINE 1-6
STATE OFFICAL RICHARD BLAND
CROSS EXAMIN STATE WITNESS KETSANA MEHRA

## III

(Q) MRS KETSANA DO YOU SEE THAT PERSON INSIDE THIS COURT ROOM TODAY?

(A) HE IS RIGHT THERE ON THE END

(Q) WOULD THAT BE NUMBER THREE?

(A) YES NUMBER THREE

(Q) MR BLAND LET THE RECORD SHOW THAT THE WITNESS HAS IDENTIFIED THE DEFENDANT RONNIE TURNER.

(NOTE)

THE PETITIONER ALLEGATION OF CONSPIRACY TO COVER UP THE WITNESS TAMPERING IS SUPPORTED BY THE SUBSEQUENT WRIT 11-57 C-3-WCU-403-0846085

#2 OF 8

## STATEMENT OF THE CASE
### IV

THE PETITIONER WAS TRIED AND CONVICTED IN CRIMINAL DISTRICT COURT NO#3 OF TARRANT COUNTY TEXAS, THE HON ELIZABETH BERRY PRESIDING IN CAUSE NO#0941085 STYLED AS THE STATE OF TEXAS VS RONNIE TURNER THE INDICTMENT WAS RETURNED ON 10/13/04 AND ALLEGED THAT ON 07/16/04 THE PETITIONER HAD COMMITTED THE FELONY OFFENS OF AGGRAVATED ROBBERY D/W  THE TRIAL COMMENCED ON 10/31/05 WITH A PHYSICAL PRE TRIAL IDENTIFICATION LINE UP HEARING AND JURY VOIR DIRE THE PETITIONER PLEAD NOT GUILTY TO THE INDICTMENT STATE WITNESS KETSANA MEHRA HAD FAILED IN MAKING A PHYSICAL PRE TRIAL IDENTIFICATION AGAINST THE PETITIONER RONNIE TURNER WHO WAS THE ONLY BLACK MALE SEATED AT THE TABLE NEXT TO TWO WHITE DEFENSE ATTORNEY'S (1) DOUGLAS EMERSON (2) REX J BARNETT. SEE U.S VS ROGERS 126 F3d 655 5TH CIR 1997 HELD THAT AN INCOURT IDENTIFICATION CAN IT SELF BE IMPERMISSIBLY SUGGESTIVE IF THE DEFENDANT IS THE ONLY BLACK PERSON IN THE COURT ROOM SEATED NEXT COUNSEL

ON 11/02/05 STATE WITNESS KETSANA MEHRA IDENTIFIED THE PETITIONER IN JURY TRIAL FOR THE FIRST TIME, ON THE CROSS EXAMIN BY THE DEFENSE STATE WITNESS KETSANA MEHRA TESTIMONY WAS THAT PRIOR TO TRIAL THAT STATE OFFICAL RICHARD HAD TOLD HER WERE INSIDE THE COURT ROOM THE PETITIONER WOULD BE SEATED  THE JURY FOUND ME GUILTY AND JUDGE BERRY SENTENST ME TO (45) YEAR'S IN PRISON

### CONSPRIACY TO COVER UP
### WITNESS TAMPERING
### C-3-woll-403-0941085

ON 03/28/19 THE PETITIONER TIMELY FILED MOTION TO AMEND THE GROUND IN HIS SUBSEQUENT 11.0734 ON 04/05/19 THE PETITION FILED HIS AMEND APPLICATION AND RAISED ONLY TWO GROUNDS (1) PROSECUTOR MISCONDUCT (2) NEWLY DISCOVER EVIDENCE ALIBI WITNESS AFFIDAVID BY JENNIFER PULLINS WITNESS AFFIDAVID BY JENNIFER PULLINS, AFFIDAVID BY ATTORNEY DOUGLAS EMERSON. EXHIBIT (B)(C)(D) AND (F) NO EVIDENTRY HEARING WAS HELD BY A.D.A ANDREA JACOBS POST CONVICTION UNIT. ON 05/01/19 MAGISTRATE JUDGE CHARLES D REYNOLD FINDING WAS THAT THE PETITIONER PRESENTED NO NEW EVIDENCE AND DISMISSED THE APPLICATION AS A SUBSEQUENT WRIT ON 05/02/19 THE HABEAS JUDGE ROBB CATALANO ADOPTED ORDER WAS TO DISMISS AS SUBSEQUENT WRIT ON 05/21/19 THE AMENDED APPLICATION WAS RECIEVED BY C.C.A WITH NO ANSWER FROM A.D.A ANDREA JACOBS FROM THE POST CONVICTION WHO IS ALSO AN OFFICER OF THE COURT ON 05/21/19 THE APPLICATION WAS GIVEN C.C.A NO# 63-583-29 ON 09/12/19 C.C.A PRESIDING JUDGE SHARON KELLER CITED THE APPLICATION ABUSE OF THE WRIT WAS AN ACT OF CONSPIRAY TO COVER UP THE FELONY FEDERAL OFFENSE - BECAUSE C.C.A CAN NOT HEAR THE

BLACK LAW DICTIONARY
ON CONSPIRACY
IV.

CONSPIRACY TO DEFRAUD
A SECRET PLAN BY TWO OR MORE PEOPLE TO CHEAT A PERSON OR ORGANIZATION (2) THE COMMON LAW AND IN SOME JURISDICTION STATUTORY OFFENSE CONSISTING IN AN AGREEMENT BETWEEN TWO OR MORE PERSON TO USE DISHONEST MEAN THAT WILL <u>HARM</u> TO A PERSON OR IMPERIL THE ECONOMIC INTRESTS OF ANOTHER OR THAT WILL INFLUENCE THE EXERCISE OF A PUBLIC DUTY. TRADITIONALLY THE DEFRAUDING NEED NOT HAVE BEEN THE PRIMARY PURPOSE OF THE FRAUD FEASOR CONDUCT IT IS ENOUGH FOR THE FRAUD FEASOR TO KNOW THAT THERE ACTION WILL CAUSE HARM TO THAT PERSON

<u>CONSPIRACY</u>   BY TWO OR MORE PEOPLE

IT IS NOT NECESSARY IN CHARGING A CONSPIRACY TO COMMIT AN OFFENSE TO ALLEGE THE OFFENSE INTENDED WITH THE FULLNESS OR PARTICULAITY NECESSARY IN A INDICTMENT CHARGING ONLY THE COMMISSION OF THE INTENDED OFFENSE SEE <u>CARTER US STATE 116 SW 2d 371 TEX CRIM APP 1937</u>

SUBSEQUENT WRIT 11.0794
ACTUAL INNOCENCE CLAIM

(1) HABEAS COURT JUDGE       (2) POST CONVICTION UNIT
    <u>HON ROBB CATALANO</u>          A.D.A <u>ANDREA JACOBS</u>

A SECRET PLAN BY TWO OR MORE PEOPLE TO CHEAT A PERSON OR ORGANIZATION THE HABEAS 11.07 MISTERY FROM THE YEAR <u>2018</u> UP TO <u>2022</u> A.D.A <u>ANDREA JACOBS</u> AND THE <u>HON ROBB CATALANO</u> ARE GUILTY OF CONSPIRACY TO COVER UP THE FELONY FEDERAL OFFENSE OF WITNESS TAMPERING MY ALLEGATION OF CONSPIRACE IS SUPPORTED BY THE MENS SUBSEQUENT WRIT WILL SHOW THAT BOTH OFFICAL HAD PRIOR KNOWLEDGE OF THIS CRIMINAL ACT

C-3-Woll-403-0941085     C-3-Woll-1892-0941085
C-3-Woll-818-0941085     C-3-Woll-939-0941085
C-3-Woll-993-0941085     C-3-Woll-934-0941085

CLAIM THAT WAS ADJUDICATED ON THE MERITS IN THE STATE COURT PROCEEDINGS RESULTED IN A DECISION THAT WAS CONTRARY TO OR INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.

#4 OF 8